JACK GAVIN *v.* CELIA GAINES.

[Abstract Kentucky Law Reporter, Vol. 5—247.]

**Advancement.**
> Property given by a mother to her daughter, which belonged to
> the mother's husband who consented to the gift, can not be held
> as an advancement from the mother which can be regarded in a
> suit to settle the mother's estate.

APPEAL FROM BARREN CIRCUIT COURT.

September 29, 1883.

OPINION BY JUDGE PRYOR:

The only question necessary to be considered in this case arises
from the failure of the court below to charge the appellee with the
value of the eleven barrels of brandy, etc., given her or alleged to
have been advanced to her by the mother. At the time the property
was given the mother of the appellee was a married woman, and it
is not pretended, or at least the facts of this record do not show that
this was her separate estate, or that the husband had no interest in
the property. It is the estate of the mother that is being settled
between these children, and not that which belonged to their step-
father.

The husband of Mrs. Sanders was living with her when this
brandy was given by her to her daughter, Mrs. Gaines (a daughter
of her first husband), and his consent to the gift clearly appears.
It was the stepfather's property that was the subject of the gift and
not the property of the mother. He could have given all of his
estate to one of his wife's children by her first husband or consented
that she should do so, and in a settlement of the mother's estate the
child receiving it could not be held to account for it as an advance-
ment from the mother.

The judgment is therefore *affirmed.* Judge Lewis not sitting.
*Porter & Ritter, for appellant.*
*Edward Badger, G. L. Everbach, for appellee.*